## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Everlean Cox,<br>2402 Hartford Street S.E.<br>Washington D.C.<br>20020 | ) )<br>) )<br>) )<br>) ) |
| PLAINTIFF, | ) )<br>) ) |
| v. | ) )  Civil Action No. |
| THE DISTRICT OF COLUMBIA,<br>a municipal corporation<br>441 4th Street N.W.<br>Washington, D.C. 20001 | ) )<br>) )<br>) )<br>) )<br>) ) |
| Serve: Mayor Vincent Gray<br>1350 Pennsylvania Ave NW<br>Washington DC 20001 | ) )<br>) )<br>) )<br>) ) |
| c/o Irvin Nathan<br>D.C. Attorney General<br>441 Fourth Street, N.W.<br>Washington, D.C.  20001 | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |
| MPD officers JOHN DOE #1 and #2<br>not yet identified<br>Metropolitan Police Department<br>300 Indiana Avenue N.W.<br>Washington D.C. 20001 | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |
| DEFENDANTS | ) ) |

RECEIVED
Civil Clerk's Office
NOV 0 5 2014
Superior Court of the
District of Columbia
Washington, D.C.

14 - 0 0 0 7 0 3 1

## COMPLAINT
(Negligent Hiring, Training and Supervision;
42 U.S.C. § 1983-Unwarranted Seizure & Excessive Force)



DEFENDANT'S
EXHIBIT

1

## INTRODUCTION

1.  This is a civil action seeking damages against the defendants for, negligence after they falsely detained the plaintiff, and assaulted and battered her.   This action seeks both compensatory and punitive damages against the defendants for the negligent acts of wrongdoing under common law and for violations of the defendants' constitutional rights.

## JURISDICTION

2.  This Court has original subject matter jurisdiction over this case by virtue of  D.C. Code § 11-921.

## PARTIES

3.    Plaintiff Everlean Cox, at all times relevant herein, she has been a citizen of the United States.

4.  Plaintiff Everlean Cox at all times relevant herein has been an upstanding citizen of the District of Columbia, has maintained consistent employment at D.C. Department of Human Services for 25 Years and has not run afoul of the law.

5. Defendant District of Columbia is a municipal corporation with authority to sue and be sued in its corporate name.  At all times relevant herein, this defendant was responsible for the policies and procedures utilized by and for the supervision of all Metropolitan Police Officers.

6.    At all times relevant to this complaint, two unnamed and yet to be identified D.C. Metropolitan Police Officers (hereinafter referred to as John Doe#1, John Doe #2) were duly licensed police officers and employees of Defendant District of Columbia and acting within the scope of their authority and under color of law.  They are sued in their official and individual

capacities.

## STATEMENT OF FACTS

7. On Saturday November 5, 2011, Plaintiff Cox was a passenger in her, vehicle driven by Gesiel Wesley. They pulled out of a shopping center onto Alabama Avenue onto the corner of Alabama Avenue and Good Hope Road.

8. Plaintiff was sitting in the vehicle at the light when they were suddenly approached by an unmarked vehicle with government vehicle issued tag #4227.

9. Four Caucasian yet to be identified male officers, exited the vehicle and converged on Plaintiff and her vehicle in a very aggressive manner.

10. Without warning or stating a reason, unidentified Officer, John Doe #1, male Caucasian, with slim build and long hair, put his gun in Plaintiff's face and demanded her out of her vehicle.

11. A second unidentified officer, John Doe #2, male Caucasian with a stocky build, without stating a reason, physically grabbed Plaintiff out of her vehicle and began searching her body.

12. Plaintiff objected to the body search and asserted to the officers that "she knew her rights", to which John Doe #2 replied, "you have the right to shut up". Then John Doe #2 put his fist in Plaintiff's back and threatened to slam Plaintiff to the ground if she spoke again.

13. The search conducted was objectionable and intrusive. Plaintiff's entire body was searched and patted down by the officers. Plaintiff did not resist at any point and was held for about 20 minutes. Many bystanders witnessed the incident.

14. Plaintiff's entire vehicle was searched, uprooted and tossed about. At no time was

permission requested to search the vehicle or a reason given as to why her vehicle or her person was being searched.

15.     At the end of the ordeal, Plaintiff requested badge numbers from the two officers and they steadfastly refused. They told Plaintiff to get in her car and leave. The officers then suddenly left. No arrests were made. No traffic citation issued. No information given.

16.  The Alabama Avenue and Good Hope Road Area is in an area where there are a growing number of complaints from residents against 7th District MPD charging racial profiling, harassment and violations of Constitutional rights of African-Americans.

17.  Plaintiff subsequently filed Complaint # 12-0093 with the Office of Police Complaints

### COUNT I
### Negligent Training/Supervision
### (Against Defendant District of Columbia)

18.     Plaintiffs incorporate paragraphs 1- 17 as if fully set forth herein.

19.     Defendant District of Columbia knew or should have known that its employees, unidentified officers John Doe #1 and John Doe #2,  were conducting illegal stops, searches and seizures as a matter of course and were otherwise engaging in dangerous, illegal, unprofessional and unconstitutional actions during the course of their employment.

20.  Defendant District of Columbia, knew or should have known that its officer employees were engaging in Constitutional Rights violations, violations of MPD policy and procedures and routinely violating the rights of African Americans via unwarranted searches and seizures, otherwise known as racial targeting and racial profiling.

21.     As a result of Defendant District of Columbia's negligent training and supervision of Defendant yet to be identified officers John Doe #1 and #2, Plaintiff suffered significant

4

physical and emotional harm, extreme embarrassment, humiliation and mental anguish.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and punitive damages plus interest and costs.


## COUNT II
## (Deprivation of Civil Rights, 42 U.S.C. § 1983)

22.  Plaintiff incorporate, by reference, paragraphs 1 through 21 as is fully set forth herein.

23.  Plaintiff Cox further alleges that the defendant officers, with deliberate indifference to and in reckless disregard for the safety and well-being of the Plaintiff and in violation of the 4th Amendment to the Constitution, did on November 5, 2011 commit acts which deprived Plaintiff of her Constitutional right to be free from an unreasonable search and seizure.

25.  Plaintiff alleges Defendant Officers wrongfully, unlawfully, maliciously used excessive force against Plaintiff when clearly no force was warranted under the circumstances.

26.  As a direct and proximate result of the actions of the defendant officer, Plaintiff was deprived of her liberty and injured by the renegade Defendant police officers, acting outside the parameters of law and decency.

Wherefore, Plaintiff demands judgment against Defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.


## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Malik Z. Shabazz, (458434)
1200 G Street, N.W.
 Suite 800
Washington, D.C. 20005
(202) 434 4528
Attorney.shabazz@yahoo.com


Counsel for the Plaintiff

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
### 500 Indiana Avenue, NW
### Washington, D.C. 20001

**January 13, 2015**

CASE NAME:    EVERLEAN COX **vs** THE DISTRICT OF COLUMBIA
CASE NO.    2014 CA 007031 B

Plaintiff having failed to file an affidavit evidencing service on the defendant within the time frame allowed by Rule 4 (m), the Clerk hereby enters a dismissal of the complaint without prejudice.

**versus**

As to defendant MPD OFFICERS JOHN DOE #1 AND #2 NOT YET
IDENTIFIED only.

## ORDER OF DISMISSAL

JAN 2 1 2015



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

L-2
R. DeBeradinis

EVERLEAN COX

Vs.

THE DISTRICT OF COLUMBIA

C.A. No.    2014 CA 007031 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

DEFENDANT'S EXHIBIT
1

Case Assigned to:  Judge STUART G NASH
Date:  November 5, 2014
Initial Conference: 9:30 am, Friday, February 06, 2015
Location:  Courtroom A-47
515 5th Street NW
WASHINGTON, DC  20001

received
01/15/2015

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."  D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.    The   forms   to   be   used   for   early   mediation   reports   are   available   at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

*Fuerlean Fox*
_____
Plaintiff

vs.

*District of Columbia/OAG*
_____
Defendant

Case Number **14 - 0007031**

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Mark Shebazz, ESR*
_____
Name of Plaintiff's Attorney

*1200 GST A 800 NW*
_____
Address

*Wash DC 20005*
_____

_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español