UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVERLEAN COX, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. )<br>) | C.A. No. 15-CV-00113 (CKK) |

## LOCAL CIVIL RULE 16.3 STATEMENT

Pursuant to LCvR 16.3(d), the parties hereby submit their joint report, which outlines the parties' stances with respect to the thirteen (13) enumerated matters set forth in LCvR 16.3(c) and the Court's Standing Order for Initial Scheduling Conference, and their proposed scheduling order. In conformity with LCvR 16.3(a), Plaintiffs' counsel and Defendants' counsel met telephonically, and conferred on all relevant matters. As a result of that meeting, the parties submit the following joint report:

## STATEMENT OF THE CASE

This is a civil action which arose from a police stop of Plaintiff Everlean Cox on November 5, 2011, in the District of Columbia. Plaintiff alleges that as a proximate cause of the failure of the Metropolitan Police Department to train, supervise and discipline properly its police officers that she was subjected to an unlawful seizure, excessive force and an assault and battery. Plaintiff brings suit pursuant to 42 U.S.C. § 1983 and the common law of the District of Columbia. Defendant District of Columbia denies these allegations.

## LCvR 16.3(c) MATTERS DISCUSSED BY THE PARTIES

1.     Plaintiff is of the opinion that it is unlikely that this matter will be disposed of by

1

dispositive motion.  Defendant believes that this matter, at least in part, will be disposed of by dispositive motion.

     2.     It is anticipated that the Plaintiffs will amend their pleadings or join additional parties.  However, such action, if taken, shall be done within forty-five (45) days of the Initial Scheduling Order.

     3.     The parties do not request that this case be assigned to a magistrate judge.

     4.     The prospects for settlement will not be clear until the close of discovery.

     5.     The parties believe that ADR would be appropriate after the Court determines dispositive motions.

     6.     Any dispositive motion shall be filed within Forty-Five (45) days of the close of expert discovery, any opposition will be filed within twenty-one (21) days thereafter, and any reply shall be filed within fifteen (15) days thereafter.

     7.     The parties agree that the initial disclosure provisions of Fed. R. Civ. P. 26(a)(1) apply in this case.

     8.     The parties propose that fact discovery proceed until January 1, 2016 and that five (5) depositions (excluding the parties), and twenty-five (25) interrogatory questions and document requests per side be allowed.

     9.     The Plaintiff proposes that there should be a modification of Rule 26(a)(2), to allow for Plaintiff's expert(s) to be named ninety (90) days after entry of a scheduling order in this case.  Defendants would then name their expert(s) thirty (30) days thereafter and all expert depositions would be concluded by the close of the discovery period.  Within thirty (30) days following the close of discovery, all dispositive motions shall be filed.  With respect to any such motions, the Plaintiff request a hearing.

The Defendants propose that there should be a modification of Rule 26(a)(2), to allow for the Plaintiff's expert(s) disclosures to be produced on February 1, 2016. Defendant would then disclose its expert(s) by April 1, 2016. All expert depositions would be concluded by May 15, 2016. All dispositive motions filed by July 14, 2016. With respect to any such motions, the Plaintiff requests a hearing.

10. Not Applicable.

11. The parties do not believe that discovery in this case should be bifurcated or managed in phases. In the event that Plaintiff amends his complaint or adds parties, the Defendant may move to bifurcate the trial as to the "Monell" claim against the District and any claims against individual defendants.

12. The Plaintiffs request that a status hearing be conducted on April 14, 2016. Defendants request that a status hearing be conducted on or about August 1, 2016 at which time the parties suggest the Court refer the matter to ADR/mediation, if appropriate, and/or schedule a pretrial conference and trial date.

    Respectfully submitted,

    /s/Malik Z. Shabazz/s/
    Malik Z. Shabazz, (458434)
    1200 G Street, N.W., Suite 800
    Washington, D.C. 20005
    (202) 434 4528
    Attorney.shabazz@yahoo.com
    Counsel for Plaintiff

    KARL A. RACINE
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General Civil Litigation Division

<div style="margin-left: 40%;">

/s/ Darrell Chambers
DARRELL CHAMBERS [980872]
Chief, Section II
Civil Litigation Division

/s/Robert A. DeBerardinis, Jr.
ROBERT A. DEBERARDINIS, Jr. [335976]
Assistant Attorney General
441 Fourth Street, N.W., Suite 600 South
Washington, D.C. 20001
(202) 724-6642
202) 741-8895 (FAX)
robert.deberardinis@dc.gov
Counsel for the Defendant District of Columbia

</div>